**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal Action No. 22-cr-00119-LKG |
| QUINTIN OWENS, | ) ) | Dated: March 25, 2025 |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO REDUCE SENTENCE**

## I. INTRODUCTION

The Defendant *pro se*, Quintin Owens, has filed a "motion for 'status points' reduction," pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 56. This motion is fully briefed. ECF Nos. 56 and 63. No hearing is necessary to resolve this motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant's motion.

## II. BACKGROUND AND PROCEDURAL HISTORY[1]

The Defendant *pro se*, Quintin Owens, is currently serving a 57-month sentence, after having been convicted of possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. 922(g). *See generally* ECF No. 54.

On April 5, 2022, a Federal Grand Jury issued an Indictment charging the Defendant with possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. 922(g). ECF No. 1. The parties, subsequently, entered into a written Plea Agreement in which they stipulated to a sentence of 52 months of imprisonment for the 922(g) offense, pursuant to Fed. R. Crim. P. 11(c)(1)(C). ECF No. 45. On March 23, 2023, the Court held a re-arraignment and plea hearing, during which the Defendant pleaded guilty to this offense. ECF No. 44.

The presentence report ("PSR") states, and the parties agreed, that the base offense level for the Defendant's offense was 20. ECF No. 51 at ¶ 15; ECF No. 45 at ¶ 6(a). The base offense

---

[1] The facts recited in this memorandum opinion are taken from the Defendant's motion to reduce sentence and memorandum in support thereof, and the Government's response in opposition thereto. ECF Nos. 56 and 63.

level increases by two, because the offense involved five firearms. ECF No. 51 at ¶ 16; ECF No. 45 at ¶ 6(b). In addition, there was a three-level reduction to the offense level for early acceptance of responsibility, resulting in a final total offense level of 19. ECF No. 51 at ¶¶ 22-24; ECF No. 45 at ¶ 6(c).

The PSR also provides that the Defendant's subtotal criminal history score was nine, based upon his prior convictions. ECF No. 51 at ¶ 32. Pursuant to U.S.S.G. § 4A1.1(d), two points were added to this score, because the Defendant committed the instant offense while under a criminal justice sentence for auto manslaughter, thereby increasing his criminal history score from nine to 11. *Id*. at ¶ 33. The PSR provides that, with a criminal history score of 11, the applicable Sentencing Table of the Guidelines at the time placed the Defendant in criminal history Category V. *Id*. at ¶ 34; *see* U.S.S.G. § 5 Pt. A (Sentencing Table). And so, with an offense level of 19 and a criminal history Category V, the Defendant's Sentencing Guidelines range was 57-71 months. *Id*. at ¶ 76.

The Court held a sentencing hearing on September 6, 2023. ECF No. 52. During the sentencing hearing, the Court adopted the Guidelines calculations in the PSR. ECF Nos. 52, 54 and 55. The Court did not accept the parties' stipulation as to the sentence. *Id*. And so, the Court sentenced the Defendant to 57 months of imprisonment, to be followed by a period of supervised release of 24 months. ECF No. 54.

On December 13, 2023, the Defendant filed a *pro se* "motion for 'status points' reduction," pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821. ECF No. 56.

On September 27, 2024, the Government filed a response in opposition to the Defendant's motion. ECF No. 63.

The Defendant's motion having been fully briefed, the Court resolves the pending motion.

### III.  LEGAL STANDARDS

####  A.  Motions To Reduce Sentence

Generally, once imposed by the Court, a federal sentence must remain "final" and undisturbed. 18 U.S.C. § 3582(b). But Congress has created a narrow exception to this general rule for circumstances where the U.S. Sentencing Commission retroactively amends the applicable guidelines. In this regard, the Court may reduce a sentence after it has been imposed where the defendant "has been sentenced to a term of imprisonment based on a sentencing

2

range that has subsequently been lowered by the Sentencing Commission, pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). But, the Court may only reduce such a sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

In this regard, the United States Court of Appeals for the Fourth Circuit has held that the Court must employ a two-step approach in considering Section 3582(c)(2) motions. "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. Second, the court may grant the authorized reduction after considering the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016) (internal quotations and citations omitted). And so, "[t]he ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id*. (citations omitted).

Any reduction in sentence must also be consistent with applicable policy statements issued by the Sentencing Commission. Relevant to the pending motion, one such policy statement provides that: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—(A) none of the amendments listed in subsection (d) is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 252 (4th Cir. 2009) ("In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission").

    **B.**    **Amendment 821**

Amendment 821 changed the application of the United States Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. Part A of this

3

amendment amends Section 4A1.1 of the Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id*. at Part A. Part A also adds a new subsection (e) that adds one criminal-history point for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. *Id*.

Part B of Amendment 821 adds a new provision to Chapter Four of the Guidelines, which authorizes a two-offense-level decrease if a defendant has, among other things: (1) zero criminal-history points and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4. *Id.* at Part B. Inmates may bring motions seeking a reduction in sentence based upon these new Guidelines provisions pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Stiep*, No. 3:18-CR-00311, 2024 WL 761897 (W.D.N.C. Feb. 21, 2024).

IV.    ANALYSIS

The Defendant has filed a "motion for 'status points' reduction," pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, upon the grounds that he is eligible for either a one point or two point reduction under Amendment 821. ECF No. 56. The Government counters that the Defendant is not entitled to this relief, because his Sentencing Guidelines range was not subject to any Sentencing Guidelines that have been retroactively changed, and Amendment 821 does not affected the Defendant's Sentencing Guidelines calculation. ECF No. 63. And so, the Government requests that the Court deny the Defendant's motion. *Id*.

For the reasons that follow, the Court DENIES the Defendant's motion.

**A. The Defendant Is Not Eligible For A Sentence Reduction Under Part A**

As an initial matter, the Defendant has not shown that he is entitled to a reduction of his sentence under Part A of Amendment 821. Pursuant to Part A of Amendment 821, a defendant with seven or more criminal history points will receive one status point increase, rather than two. *See* U.S.S.G. amend. 821 at Part A. When this amendment is applied to the Defendant's sentence in this case, his final criminal history score becomes 10, rather than 11, as previously determined by the Court at the sentencing hearing. ECF No. 63 at 2. But the Sentencing Guidelines provide that a defendant with 10 criminal history points has a criminal history Category V, which is the same criminal history category that was assigned to the Defendant during the sentencing hearing. *See* U.S.S.G. § 5 Pt. A; ECF Nos. 54 and 55. Given this, the

4

Defendant's Guidelines range does not change upon application of Part A of Amendment 821 to his sentence.

### B. The Defendant Is Not Eligible For A Sentence Reduction Under Part B

The Defendant's request for a reduction in sentence pursuant to Part B of Amendment 821 is also problematic. As the Government persuasively argues, Part B of the Amendment 821 does not apply to the Defendant's case because he is not a zero point offender. *See* U.S.S.G. amend. 821 at Part B. To be a zero-point offender, the Defendant must not have any criminal history points. *Id.* But the PSR makes clear that the Defendant had several criminal history points, and this fact remains unchanged by the adjustment to his status points as discussed above. *See* ECF No. 51 at ECF No. 51 at ¶¶ 32-34. And so, the Defendant is also not eligible for a reduction of his sentence pursuant to Part B of Amendment 821.

### V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion (ECF No. 56).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

5